CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ZURIEL MEDINA-HERNANDEZ, | ) | CASE NO. 7:19CV00454 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| M. BRECKON, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondents. | ) | |

Petitioner, Zuriel Medina-Hernandez, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his term of confinement. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for lack of jurisdiction.

Petitioner states that he has been serving sentences of imprisonment imposed by the United States District Court for the Southern District of Texas. He states,

> First Federal sentence is for 24 months; I was arrested on 2-14-15 and sentenced on 8-5-15; that sentence is over and irrelevant because the second Federal sentence I received was for 60 months from Date of offense 8-18-15, and that sentence was specifically ran concurrent. I should be doing no more than 5 years (total term in effect), yet am listed as doing 5 years and 9 months . . . impossible.

Pet. 4, ECF No. 1. Petitioner also states that he has "started the exhaustion of administrative remedies," but because he seeks immediate release, he has filed his § 2241 petition before completing the exhaustion process. Id. at 7.

Once an inmate has begun to serve his federal sentences, the United States Attorney General, rather than the court, has the responsibility for executing the sentence, including calculation of the inmate's term of confinement and appropriate credit for jail time served before sentencing. See United States v. Wilson, 503 U.S. 329, 333-35 (1992) (interpreting 18 U.S.C.

3585(b)). The Attorney General has delegated this authority to the Bureau of Prisons ("BOP"). United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Because the court is not responsible for execution of sentences, judicial review of claims related to calculation of a defendant's term of confinement (including jail credit claims) is available only after the petitioner establishes that he has exhausted available administrative remedies available through the BOP. See 28 C.F.R. §§ 542.10-542.16. See also United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994) ("Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination."). After the final decision by BOP officials, a dissatisfied prisoner may seek judicial review of that administrative action by filing a petition under 28 U.S.C. § 2241 in the district court with jurisdiction over the facility where he is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Because Petitioner filed his § 2241 petition before exhausting the BOP administrative remedies available to him, the court will dismiss the petition without prejudice for lack of jurisdiction. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 3rd day of July, 2019.

*/s/ Jim Conrad*
Senior United States District Judge